IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LOUIS KOZAK,
Plaintiff,

v.

FEDEX KINKO'S, INC.,
Defendant.

Civil Action Number 3:07CV187

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on a Motion for Reconsideration of Order Dismissing this Action without Prejudice filed by Defendant FedEx Kinko's, Inc. ("FedEx Kinko's"). Plaintiff Louis Kozak has not responded. The matter is ripe for adjudication and FedEx Kinko's has requested that the Court rule on the pleadings. For the reasons expressed below, the Court shall DENY FedEx Kinko's Motion.

**I.**

In April 2007, Kozak, proceeding *pro se*, filed three separate complaints against FedEx Kinko's listing three different people for service. Because Kozak alleged employment discrimination in violation of the Americans with Disabilities Act of 1990, 104 Stat. 327, as amended, 42 U.S.C. § 12101 *et seq*., and asserted the same essential factual allegations, the Court entered an Order consolidating the complaints into the present action on July 31, 2007. The Court held a pretrial conference on September 10, 2007, where a bench trial was scheduled in this case for December 18, 2007. In the interim, the parties filed several discovery motions, including motions to compel and a motion for a protective order. On November 8, 2007, FedEx Kinko's filed a motion for dismissal or summary judgment. In response to FedEx Kinko's motion for dismissal or summary

judgment, Kozak submitted a voluntary dismissal on November 26, 2007. Granting Kozak's motion for a voluntary dismissal, the Court dismissed the action without prejudice on November 27, 2007. FedEx Kinko's filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6) requesting the Court to dismiss the action with prejudice. Thus, the primary question presented is whether the Court should exercise its discretion under Rule 60(b)(6) to convert the dismissal without prejudice to a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

**II.**

Rule 60(b)(6) authorizes a court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. A district judge has broad discretion to grant relief pursuant to Rule 60(b). See Harman v. Pauley, 678 F.2d 479, 480 (4th Cir. 1982) (noting that a district court's decision under Rule 60(b) is reviewed for abuse of discretion). A Rule 60(b) motion should not be granted unless the movant can demonstrate: (1) timeliness;[1] (2) a meritorious defense; (3) an absence of prejudice to the opposing party; and (4) exceptional circumstances." Smith v. Bounds, 813 F.2d 1299, 1303 (4th Cir. 1987), aff'd en banc, 841 F.2d 77 (4th Cir. 1988); accord Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984). The Fourth Circuit has admonished that "district courts must rigorously examine these four predicate requirements because we have characterized Rule 60(b) relief as 'extraordinary' and to be used only in 'exceptional circumstances.'" Coomer v. Coomer, 217 F.3d 838 (table), 2000 WL 1005211, at *4 (4th Cir. July 20, 2000). If the four predicate requirements are satisfied, then the movant must show that his ground(s) for relief fall within one

[1]Because FedEx Kinko's Motion to Reconsider was filed only three days after the Court entered its Final Order, the first requirement of timeliness is clearly met. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (holding the movant's Rule 60(b) motion timely where it was filed five months after the date of the default judgment against him and fifteen days after he learned of the judgment).

of the six enumerated categories of Rule 60(b). Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993).

**III.**

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). Rule 41(a)(2) permits a plaintiff to move for a voluntary dismissal of an action without prejudice at anytime. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Generally, a plaintiff's motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) should not be denied absent substantial legal prejudice to the defendant. Id. (noting that the "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced"); see also Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Courts typically examine four factors when determining whether a Rule 41(a)(2) dismissal should issue with prejudice: (1) the plaintiff's diligence in moving for a voluntary dismissal; (2) the defendant's effort and expense in preparing for trial; (3) the litigation's present stage, i.e., whether a dispositive motion is pending; and (4) the adequacy of the plaintiff's explanation for the need to dismiss. See, e.g., Gross v. Spies, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998); Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir.1996); Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

These factors are not exhaustive, and no factor should be given weight over another. Gross, 1998 WL 8006, at *5 (citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)). Further, courts generally agree that the prospect of a second suit does not constitute legal prejudice. Id.; Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388-89 (4th Cir. 2001). If a court determines that a Rule 41(a)(2) dismissal is appropriate, notice must be sent to the plaintiff so that

he may have an opportunity to withdraw his motion and proceed with trial. Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 n.1 (4th Cir. 1993).

**IV.**

The Court finds that the circumstances presented in the instant case do not warrant a dismissal with prejudice, especially within the context of a Rule 60(b) motion. Cf. Andes v. Versant Corp., 788 F.2d 1033, 1036-37 (4th Cir. 1986) (finding that the district court did not abuse its discretion when it refused to dismiss without prejudice where the defendants had incurred significant expense responding to plaintiff's complaint, taking depositions, producing documents, obtaining relevant expert opinions, and filing its motion for summary judgment); Rollison v. Washington Nat'l Ins. Co., 176 F.2d 364, 365, 367 (4th Cir. 1949) (affirming the district court's denial of plaintiff's Rule 41(a)(2) motion where plaintiff sought to dismiss after amending the complaint three times, a jury was sworn, and the court had decided that the plaintiff had not stated a claim).

While it is true that the parties engaged in discovery disputes and FedEx Kinko's had filed a motion for dismissal or summary judgment, it does not appear that any deposition was ever taken in the case. Further, the record does not show nor does FedEx Kinko's allege that expert opinions were obtained. The only prejudice to FedEx Kinko's is the potential for re-litigation, which, as previously noted, is insufficient to constitute legal prejudice. See Ellett Bros., 275 F.3d at 388-89 (reasoning that the insurers would not be irreparably harmed by a voluntary dismissal without prejudice of the insured's indemnity claim, as opposed to the court granting summary judgment, because "the prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)").

Conversely, Kozak would be prejudiced if the Court granted FedEx Kinko's Rule 60(b)(6) motion. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979) (holding that a Rule 60(b) motion should not be granted where "the party in whose favor judgement has been entered will be unfairly prejudiced by the vacation of his judgment"). A dismissal with prejudice would procedurally bar Kozak from re-filing his claim. The Court is unwilling to impose such a great consequence on Kozak without a showing of substantial legal prejudice to FedEx Kinko's.

Finally, this case does not present exceptional circumstances. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988) (concluding that relief under Rule 60(b)(6) should only be granted when "exceptional circumstances" make it necessary to accomplish justice). While a subsequent lawsuit, assuming Kozak re-files his claim, could potentially result in protracted and expensive litigation, time and money spent preparing for trial is a very common and usual occurrence, not an exceptional one. See Werner, 731 F.2d at 207 (finding that the protraction of proceedings, the time and expense of a new trial, the loss of post-judgment interest, and the loss of leverage in settlement discussions are not the types of prejudice contemplated under Rule 60(b)).

Because FedEx Kinko's has failed to demonstrate substantial legal prejudice or exceptional circumstances and great prejudice will result to Kozak, the Court shall DENY FedEx Kinko's motion for reconsideration pursuant to Rule 60(b)(6). It is worth noting that although the Court ruled on Kozak's motion for voluntary dismissal prior to FedEx Kinko's filing a response, the Court would have reached the same conclusion, notwithstanding the Rule 60(b) requirements, and dismissed Kozak's case without prejudice.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Entered this 6th day of March 2008